

FILED

JUL 27 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*IJ*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No. 05-23040-C-7 |
| Paul S. Suner, | ) | DC No. KEH-1 |
| Debtor. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

### Findings of Fact

Debtor filed this voluntary chapter 7 petition on March 18, 2005. Debtor scheduled real property commonly known as "1700 Magnolia Drive Yuba City, CA" as an asset of the estate. The chapter 7 trustee filed a report finding that there was no property available for distribution from the estate over and



above that exempted by debtor. The court notes that the debtor received a discharge from all dischargeable debts on June 30, 2005.

On June 17, 2005, Washington Mutual and Fannie Mae ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to foreclose upon and sell the real property. The value of the real property is approximately $266,000. The motion and declaration establish that the debtor owes the movant approximately $63,622.34. The total of other liens against the property is approximately $53,387.00, not including ten judgment liens. Additionally, the court notes that movant's motion requests attorney's fees and costs.

No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against the debtor in personam and of acts against property other than property of the estate will terminate when an individual in a case under chapter 7 is granted a discharge. 11 U.S.C. § 362(c)(2)(C).

Because the debtor was granted a discharge, the motion for relief from the automatic stay as to the debtors is moot. Thus, the motion will be denied.

The motion will be granted as to the trustee because the trustee filed a no asset report.

Additionally, in light of the fact that movant's motion was unnecessary, the court denies movant's request for

attorney's fees and costs.  As a consequence, the debtor is deemed to be the prevailing party for purposes of California Civil Code § 1717 as the motion was unnecessary.

An appropriate order will issue.

Dated: July 27, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

# CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Paul S. Suner
1700 Magnolia Drive
Yuba City, CA 95991

Eric John Schwab
1420 River Park Drive #140
Sacramento, CA 95815

Keith E. Herron, Esq.
Herron & Associates
9444 Balboa Avenue Suite 225
San Diego, CA 92123

Washington Mutual/Fannie Mae
7800 N. 113th Street
Mail Stop MWIB201
Milwaukee, WI 53224

Stephen M. Reynolds
P.O. Box 1917
Davis, CA 95617-1917

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 7/28/05

_____
Deputy Clerk